# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEANNETTE WOODALL, WIDOW OF LESTER WOODALL, Claimant Below, Petitioner**

**vs.)   No. 11-0894** (BOR Appeal No. 2045237)
(Claim No. 2005047224)

**WEST VIRGINIA OFFICE OF INSURANCE COMMISSIONER Commissioner Below, Respondent**

**and**

**WOODALL REPAIR SERVICE, Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jeannette Woodall, by John H. Skaggs, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 4, 2011, in which the Board affirmed an October 25, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 31, 2007, decision denying dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Lester Woodall passed away on April 2, 2007. Mr. Woodall received a permanent partial disability award for occupational pneumoconiosis during his life. His death certificate listed the immediate cause of death as lung cancer and asbestosis. On October 31, 2007, the claims administrator denied Ms. Woodall's request for dependent's benefits because occupational pneumoconiosis was not a material contributing factor in the death of the decedent, relying on the Occupational Pneumoconiosis Board's findings.

The Office of Judges affirmed the claims administrator's Order, and concluded that the preponderance of the evidence established that occupational pneumoconiosis did not cause, nor materially contribute to the decedent's death. On appeal, Ms. Woodall argues that Board of Review failed to properly apply *Bradford v. Workers' Compensation Com'r*, 185 W.Va. 434, 408 S.E.2d 13 (1991), because she submitted sufficient evidence that the primary source of the cancer was the lung, and the claimant had a history of asbestos exposure and suffered from asbestosis, as is supported by the prior permanent partial disability award of 40% for occupational pneumoconiosis. The West Virginia Office of Insurance Commissioner maintains that the Board of Review's Order is supported by the substantial evidence of record, as was the Occupational Pneumoconiosis Board's findings, so the Order should be affirmed. Dr. Kinder testified that the decedent developed a lower lobe tumor, a neuroendocrine tumor and died from it. Dr. Kinder concluded that the decedent most likely did not have asbestosis and most likely had idiopathic pulmonary fibrosis. He stated that neuroendocrine tumors are not associated with smoking or asbestos exposure. Dr. Kinder concluded that even if the decedent had asbestosis, it would not have altered his treatment because his disease had become metastatic at the time of diagnosis. In his opinion, the decedent would have died as and when he did regardless of his occupational dust exposure.

In affirming the claims administrator's decision, the Office of Judges found that the Occupational Pneumoconiosis Board's findings and testimony were supported by a preponderance of the evidence. It noted that the Occupational Pneumoconiosis Board carefully considered all of the evidence. The Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a material contributing factor in the decedent's death. The Office of Judges found that the Occupational Pneumoconiosis Board's testimony persuasive that based upon the absence of pleural plaquing, the decedent most likely did not have asbestosis, and even if he had, it would not have affected his treatment because his lung cancer had metastasized at the time of the diagnosis. It concluded that the claims administrator correctly rejected Ms. Woodall's request for dependent's benefits. The Board of Review reached the same reasoned conclusions in its decision of May 4, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED:   March 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum